<u>GENERAL RELEASE AND SETTLEMENT AGREEMENT</u>

       In consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration given hereunder, the sufficiency of which is hereby acknowledged by the signatories to this Settlement Agreement, the Parties hereby agree as follows:

       This General Release and Settlement Agreement is entered into by and between Plaintiff Andrew Namiki Roberts and Defendant City and County of Honolulu with respect to the matters set forth below.

1.   <u>DEFINITIONS</u>

       1.1.  <u>Agreement:</u> This document is comprised of a total of six (6) pages and shall be referred to as the "Agreement."

       1.2.  <u>HPD</u>: The term "HPD" shall refer to the Honolulu Police Department, a department of Defendant City and County of Honolulu that is tasked with enforcing the criminal laws applicable within the jurisdictional limits of the City and County of Honolulu.

       1.3.  <u>Lawsuit:</u> The term "Lawsuit" shall refer to the civil action filed in the United States District Court for the District of Hawai'i, entitled *Andrew Namiki Roberts v. City and County of Honolulu, et al.*, Civ. No 15-00467 ACK/RLP.

       1.4.  <u>Releasee:</u> The term "Releasee" as used in this document means and includes the CITY AND COUNTY OF HONOLULU, and its respective departments, employees, insurers, reinsurers, administrators, trustees, past, present and future officers, directors, partners, shareholders, attorneys, members, predecessors, agents, successors in interest, trustees, subrogees, and assigns.

       1.5.  <u>Releasee's Attorneys:</u> Unless otherwise specified, the term "Releasee's Attorneys" shall refer to the Department of the Corporation Counsel of the City and County of Honolulu and all of the attorneys employed therein.

       1.6.  <u>Releasor:</u> The term "Releasor" as used in this document means and includes Plaintiff ANDREW NAMIKI ROBERTS and his respective heirs, personal representatives, executors, administrators, trustees, subrogees, successors, and assigns.

       1.7.  <u>Releasor's Attorneys:</u> Unless otherwise specified, the term "Releasor's Attorneys" shall refer to Richard L. Holcomb, Alan Beck, and any other attorneys retained by Plaintiff to represent him in the Lawsuit or with respect to the matters complained of in the Lawsuit

       1.8.  <u>Releasor's Claims:</u> The term "Releasor's Claims" as used in this document means and includes all claims, demands, liabilities, damages, actions or causes of action whatsoever, including without limitation, consequential, special, general, punitive or exemplary, and statutory damages, asserted or which could have been asserted in the Lawsuit. However, the term "Releasor's Claims" does not include the attorneys' fees and costs incurred and associated with the prosecution of the Lawsuit.

       1.9.  <u>Parties:</u> The conjunctive term "Parties" or "the Parties" shall refer to the parties to this agreement, Andrew Namiki Roberts and the City and County of Honolulu.

**EXHIBIT "A"**

2.    EFFECTIVE DATE

This Agreement shall become effective on the last date of full execution by the Parties.

3.    CONSIDERATION

3.1    Obligations of Releasee

3.1.1.  Change of HPD Policy: HPD will not enforce any policy, practice or procedure, verbal or written, that requires legal U.S. permanent resident applicants to obtain any clearances or other documentation from the applicant's place of birth or that country's consulate as a condition of the issuance of a permit under Haw. Rev. Stat. § 134-2 or the registration of a firearm under Haw. Rev. Stat. § 134-3, insofar as such additional clearances or documentation is not required of applicants who are United States citizens who were born in the United States;

3.1.2.  Reinstatement of Releasor's Permit to Acquire Rifles and Shotguns: Releasor's permit to acquire rifles and shotguns, issued on or about October 2, 2015, and attached to the Complaint as Exhibit "Three," shall be reinstated forthwith;

3.1.3.  Return of Releasor's Firearm: Releasor's firearm that was seized by HPD on October 26, 2015, will be made immediately available for his pickup at the Honolulu Police Department, Beretania Street Station, and will be lawfully registered pursuant to Haw. Rev. Stat. § 134-3; and

3.1.4.  Issuance of the Previously Applied for Handgun Permit: Releasor's permit to acquire a 9mm Glock handgun, for which an application was submitted to HPD on or about October 5, 2015, shall be issued forthwith.

3.2    Obligations of Releasor

3.2.1.  Dismissal of Action: Within five (5) days of receipt of the executed Agreement, Releasor shall cause to be circulated amongst the parties a Stipulated Notice of Dismissal. Upon approval and execution by the parties, Releasor shall submit for filing the executed Stipulated Notice of Dismissal to the presiding judge and in compliance with the rules of court. This dismissal shall not affect Releasor's right to seek attorneys' fees and costs as set forth below. The U.S. District Court for the District of Hawai'i shall retain jurisdiction to award fees and costs.

3.2.2.  General Release: In consideration of the covenants, conditions and promises undertaken herein, and except for those obligations created by or arising out of this Agreement, Releasor, for himself and on behalf of his respective agents, employees, representatives, assigns, heirs, executors, trustees and attorneys, and each of them, does hereby release Releasee, and each of its respective past, present, and future departments, divisions, agencies, related entities, and each of their respective officers, directors, managers, employees, agents, representatives, servants, attorneys, debt collectors, predecessors, successors, subrogees and assigns and any other persons or entities that might be liable (collectively, "the Released Parties"), from any and all claims, demands, contract, expenses, liens, covenants, debts, causes of action, damages, judgments,

**EXHIBIT "A"**

orders, and liabilities of whatever kind or nature in law, equity, or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which Releasor now owns or holds or has at any time heretofore owned or held against the Released Parties and relating to the Claims of this Action. Further, Releasor agrees that he will not file any appeals, claims, complaints, affidavits, arbitrations or other proceedings ("Proceedings") with any court, arbitration forum or with any regulatory or administrative agency with respect to the matters released in this Agreement and any such Proceedings filed prior to the execution of this Agreement shall he promptly dismissed or withdrawn.

3.2.3. <u>Release of Unknown Claims.</u>   Releasor acknowledges that he may hereafter discover facts different from, or in addition to, those which he now claims or believes to be true with respect to the claims released herein, and agrees that this Agreement shall remain effective in all respects notwithstanding the discovery of such different or additional facts.

## 4.    ENTIRE AGREEMENT

Releasor agrees that no representations or inducements of any kind which are not contained in this Agreement have been made by Releasee, or its respective agents, employees, officers, directors, or attorneys, and that no matter extraneous to this Agreement has been relied upon by Releasor as an inducement or otherwise, either verbal or written, in entering into this Agreement.

## 5.    NO ADMISSION OF LIABILITY

This Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by the Parties of any liability of any kind.

## 6.    REPRESENTATIONS AND WARRANTIES

In making and executing this Agreement, Releasor hereby represents, warrants and agrees that:

6.1    <u>Investigation:</u> Releasor has made such investigation of all matters pertaining to this Agreement as he deems necessary, and does not rely on any statement, promise or representation by any other party with respect to such matters.

6.2    <u>Authority to Execute Agreement:</u> Releasor has full power and authority to execute this Agreement on his own behalf and. to the extent required by law, has obtained all necessary approvals to do so.

6.3    <u>Review and Consultation with Counsel:</u> Releasor acknowledges that he has been represented by independent counsel of his choice in the negotiation, preparation and execution of this Agreement, that he has read this Agreement, that it has been fully explained by his counsel and that he is fully aware of its contents and legal effect. Releaser states that this Agreement is executed voluntarily with full knowledge of its significance and legal effect.

6.4    <u>No Assignment of Claims:</u> Releasor represents and warrants that he has not assigned or otherwise transferred, or attempted to assign or transfer, any claim or claims against Releasee and that there is no other person or legal entity that has not executed this Agreement as a releasing party that has any interest in any such claim or claims.

**EXHIBIT "A"**

7.    ATTORNEYS' FEES AND COSTS

Releasor and Releasee agree to submit the issue of Releasor's Attorney's fees and costs incurred in connection with the prosecution of the Lawsuit for determination by the United States District Court for the District of Hawai'i. The parties agree that Releasor is entitled to an award of fees and costs but disagree as to the appropriate amount of those fees and costs. Releasor shall apply for attorneys' fees and costs within fourteen days after receipt of the executed Settlement Agreement. The parties agree that the Court retains jurisdiction to determine the amount of attorneys' fees and costs and the prior, contemporaneous, or subsequent filing of a Stipulated Dismissal shall not divest the Court of jurisdiction to determine the amount of attorneys' fees and award those fees or otherwise enforce this agreement. Either party retains the right to object to and/or appeal such awards pursuant to applicable law. The United States District Court for the District of Hawai'i and/or the Ninth Circuit Court of Appeals may consider the record, fact of settlement, settlement negotiations, consideration and other terms of this agreement to determine an appropriate award of attorneys' fees and/or costs.

8.    NO RESCISSION

This Agreement is intended to be final and binding regardless of any claim of misrepresentation, promise made without the intention of performance, concealment of fact, mistake of fact or law, duress, or any act, omission or circumstance heretofore or hereafter occurring or any other circumstance whatsoever.

9.    CONSTRUCTION

9.1    Agreement Prepared by All Parties:  This Agreement shall not be construed in favor of or against any Party on grounds that said Party prepared the Agreement, but shall be construed as if all Parties prepared this Agreement.

9.2    Severance: If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the balance of the provisions shall nevertheless remain in full force and effect. The waiver of any one provision of this Agreement shall not be deemed a waiver of any other provision hereof

9.3    Hawai'i Law: This Agreement shall in all respects be interpreted and governed by and under the laws of the State of Hawai'i.

9.4    Headings: Headings or captions contained in this Agreement are solely for the convenience of the Parties, are not a part of this Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Agreement or any provision hereof.

10.    INTEGRATION

This Agreement constitutes a single integrated written contract expressing the entire agreement between the Parties. There are no other agreements, written or oral, express or implied, between the Parties except as set forth in this Agreement, and this Agreement supersedes and replaces all prior negotiations and agreements between the Parties, or any of them, whether written or oral, relating to the Action.

**EXHIBIT "A"**

General Release and Settlement Agreement
Page 5 of 6

11.    OTHER

11.1 <u>No Modification Except in Writing:</u> This Agreement may not be changed, modified or amended unless by a written instrument signed by the Parties.

11.2 <u>Further Cooperation:</u> The Parties agree to execute promptly any and all additional documents necessary to implement this Agreement.

11.3 <u>Binding Effect:</u> This Agreement will inure to the benefit of and bind the Parties' respective heirs, executors, personal representatives or administrators, successors, and permitted assigns.

11.4 <u>Court Jurisdiction:</u> The parties to this Agreement agree that the Court shall retain jurisdiction over this case to the extent required to enforce this Agreement.

12.    COUNTERPARTS

This Agreement may be executed in multiple counterpart copies and/or by facsimile signature each of which shall be deemed an original.

**ACCEPTED AND AGREED**

DATED: December 30, 2015

DATED: 1/21/16

CITY AND COUNTY OF HONOLULU, Releasee

_____
Andrew Namiki Roberts, Releasor

By: _____
for Donna Y.L. Leong
Corporation Counsel

**EXHIBIT "A"**

General Release and Settlement Agreement
Page 6 of 6

## **ACCEPTED AS TO FORM**

Dated:  Honolulu, Hawai'i, December 30, 2015

      HOLCOMB LAW, LLLC

      By: _____
         Richard Holcomb, Esq.

Dated:  Honolulu, Hawai'i, January 21, 2016

      DONNA Y.L. LEONG
      Corporation Counsel

By: _____
      Curtis E. Sherwood
      Deputy Corporation Counsel
      Attorneys for Releasee

**EXHIBIT "A"**