IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                                )
ANDREW NAMIKI ROBERTS,          )
                                )
                  Plaintiff,    )
                                )
v.                              ) Civ. No. 15-00467 ACK-RLP
                                )
CITY AND COUNTY OF HONOLULU;    )
and JOHN DOES 1-50,             )
                                )
                  Defendants.   )
_____)

### ORDER ADOPTING IN PART AND MODIFYING IN PART THE FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

        For the reasons set forth below, the Court ADOPTS in part and MODIFIES in part the Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and Costs, issued by Magistrate Judge Puglisi on March 24, 2016.  ECF No. 24.

### BACKGROUND

        On November 6, 2015, Plaintiff Andrew Namiki Roberts ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendant City and County of Honolulu ("Defendant"). Verified Compl. for Deprivation of Civil Rights ("Complaint"), ECF No. 1.  In his Complaint, Plaintiff alleged that Defendant violated his Second, Fourth, and Fourteenth Amendment rights by refusing to issue firearms permits to permanent residents such as himself, unless these permanent residents obtained clearance

- 1 -

documents from their country of origin or consulate.  Complaint at 1.

On November 9, 2015, Plaintiff served Defendant with a copy of the Complaint, along with a demand letter ("November 9 Demand Letter") indicating Plaintiff's willingness to settle if Defendant complied with a list of terms outlined in the letter. Ex. C to Pl.'s Mot., ECF No. 12-10.[1]  The letter stated that Plaintiff intended to file a Motion for Preliminary Injunction and/or Permanent Injunction if his terms were not met, and that the demand was good through the close of business on November 13, 2015.  Id. at 2.  Among the terms was a request for $8,549.60 in attorneys' fees and costs for time spent on the case.  Id. at 2, 9.

Defendant failed to respond by the November 13 deadline.  Pl.'s Objs. to R. & R. Granting in Part and Den. in Part Pl.'s Mot. for Att'ys Fees and Costs ("Objections") at 5, ECF No. 25.  Prior to the deadline, Plaintiff's counsel had attempted to contact Defendant in order to identify the Deputy Corporation Counsel assigned to the case, but was unsuccessful. Decl. of Richard L. Holcomb in Supp. of Mot. for Att'ys Fees ("Holcomb Declaration") ¶ 12, ECF No. 12-6.  On November 18, 2015, Plaintiff's counsel received an email from Curtis Sherwood

---

[1] The November 9 Demand Letter is stamped "Received" by Corporation Counsel for the City and County of Honolulu on November 9, 2015 at 11:01 a.m.

confirming that he had received a copy of the Complaint, but not the November 9 Demand Letter.  Id. ¶ 13.  Plaintiff's counsel emailed the letter to Mr. Sherwood that day.  Id.

On November 24, 2015, Plaintiff's counsel sent a follow-up letter to Defendant detailing Plaintiff's efforts to contact Defendant about the case and again requesting a response.  Ex. D to Pl.'s Mot., ECF No. 12-11.  The letter further stated that Plaintiff's demand for fees and costs had increased to $12,000, as Defendant's lack of response had caused counsel to begin drafting the Motion for Preliminary Injunction referenced in the November 9 Demand Letter.  Id. at 2.  The next day, Mr. Sherwood contacted Plaintiff's counsel on behalf of Defendant, noting that "the City is generally open to settlement discussions."  Ex. 1 to Def.'s Opp'n at 1, ECF No. 21-2.  Mr. Sherwood's letter also asked Plaintiff's counsel to be mindful of the attorneys' fees issue, as that could complicate any efforts to settle.  Id. at 2.  Finally, the letter proposed that the parties hold a discovery conference on December 4.  Id.

Following Mr. Sherwood's November 25 letter, the parties engaged in "meaningful negotiations."  Objections at 20. At the December 4 discovery meeting, the parties tentatively agreed to settle all issues, with the exception of the amount of attorneys' fees.  Holcomb Declaration ¶ 18; Decl. of Counsel ("Sherwood Declaration") ¶ 24, ECF No. 21-1.

On December 18, 2015, after further negotiations, Plaintiff's counsel emailed Defendant a proposed settlement agreement. Ex. E to Pl.'s Mot., ECF No. 12-12. The email stated that if Plaintiff did not hear back from Defendant by December 23, Plaintiff would file his Motion for Preliminary Injunction on December 28. Id. Defendant's counsel did not respond until December 28, when he reiterated the City's willingness to settle, but noted that the City still took issue with the amount Plaintiff had requested for attorneys' fees. Ex. 2 to Def.'s Opp'n, ECF No. 21-3; Holcomb Declaration ¶ 24. Plaintiff's counsel responded to Defendant later that day, indicating that Plaintiff would be filing his Motion for Preliminary Injunction that day, as well as a Motion for Judgment on the Pleadings counsel had begun drafting the day prior. Ex. I to Pl.'s Mot. at 1, ECF No. 12-16. Neither motion was ever filed.

After the parties exchanged several more drafts of the proposed settlement agreement, a final Settlement Agreement was fully executed on January 21, 2016. Holcomb Declaration ¶¶ 28-30; Sherwood Declaration ¶ 28; General Release and Settlement Agreement ("Settlement Agreement"), ECF No. 12-8. The Settlement Agreement includes substantially all of the relief Plaintiff requested in his Complaint. Compare Complaint at 29-30, with Settlement Agreement at 2. On February 8, the Court

- 4 -

entered an Order and Stipulation for Dismissal of All Claims and Parties with Prejudice ("Stipulation for Dismissal").  ECF No. 15.  Both the Settlement Agreement and the Stipulation for Dismissal contemplated that the issue of attorneys' fees and costs would be decided by the Court.  Settlement Agreement at 4; Stipulation for Dismissal at 2.

On February 4, 2016, Plaintiff submitted a Motion for Attorneys' Fees and Costs, requesting $46,447.63 in attorneys' fees and $568.40 in costs.  Mot. for Att'ys Fees and Costs ("Pl.'s Mot."), ECF No. 12.  Defendant filed an Opposition to Plaintiff's Motion on February 19, 2016, Def.'s Am. Mem. in Opp'n to Pl.'s Mot. ("Def.'s Opp'n"), ECF No. 21; and Plaintiff filed a Reply in support of its Motion on February 26, 2016, Reply to Resp. in Opp'n to Pl.'s Mot., ECF No. 22.  On March 24, 2016, Magistrate Judge Puglisi issued his Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and Costs ("F & R").  ECF No. 24. The F & R recommends that the Court award Plaintiff $13,912.04 in attorneys' fees and $400.00 in costs.  Id. at 21.

Plaintiff filed his Objections to the F & R on April 7, 2016.  ECF No. 25.  On April 21, 2016, Defendant filed a Response to the Objections.  Def.'s Resp. to Objections ("Def.'s Resp."), ECF No. 26.  Finally, Plaintiff filed a Reply in

support of his Objections on April 28, 2016.  Pl.'s Reply to Def.'s Resp., ECF No. 27.

## STANDARD

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); United States v. Rivera-Guerrero, 377 F.3d 1064, 1070 (9th Cir. 2004); L.R. 74.2.  Under a de novo standard of review, the court "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered."  Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

"[The] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."  Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012) (citation omitted).  It may also consider the record developed before the magistrate judge.  L.R. 74.2.  The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made.  United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989); Benihana of Tokyo, LLC v. Angelo, Gordon & Co., Civ. No. 15-00028 ACK-

RLP, 2015 WL 5439357, at *2 (D. Haw. Sept. 14, 2015); see also
United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.
2003) (en banc) ("The statute makes it clear that the district
judge must review the magistrate judge's findings and
recommendations de novo *if objection is made*, but not otherwise)
(emphasis in original).

Objections to a magistrate judge's recommendation are
usually treated as non-hearing motions to be decided on the
submissions.  L.R. 7.2(e).  The Court finds that a hearing in
this matter is neither necessary nor appropriate. See id.

### DISCUSSION

In his Motion for Attorneys' Fees and Costs, Plaintiff
requested a total of $46,447.63 in attorneys' fees and $568.40
in costs.  F & R at 2.  In reducing these amounts, the
Magistrate Judge recommended a total award of $13,912.04 in
attorneys' fees and $400.00 in costs.  Id. at 21.  The
Magistrate Judge reasoned that (1) counsel's requested hourly
rates were not reasonable; (2) hours spent on certain documents
and tasks were excessive; (3) hours billed for tasks performed
by multiple attorneys were duplicative; and (4) certain costs
were not properly itemized and documented.  See generally F & R.

In his Objections, Plaintiff specifically objected to
the following:  (1) the Magistrate Judge's recommendation that
attorney Richard L. Holcomb receive $200.00 per hour, and that

attorney Alan A. Beck receive $150.00 per hour[2]; (2) the
Magistrate Judge's recommendation that Plaintiff receive no
compensation for work spent on certain unfiled documents; (3)
the Magistrate Judge's deduction of hours spent on the Motion
for Attorneys' Fees and Costs and Reply in support thereof; (4)
the Magistrate Judge's deduction of hours for duplicative
billing; and (5) the Magistrate Judge's deduction of $168.40 in
costs associated with printing fees.  Objections at 7-8.

      Plaintiff did not object to the Magistrate Judge's
recommendation that 2.7 hours be deducted from time spent by an
unnamed paralegal on clerical tasks.  See F & R at 18.  Nor did
Plaintiff object to a deduction of 0.5 hours from Mr. Holcomb's
time for work on a retainer agreement.  See id. at 18-19.
Therefore, having reviewed these portions of the F & R for clear
error, the Court ADOPTS these recommendations.  Benihana of
Tokyo, 2015 WL 5439357, at *2.

## I.  Entitlement to Attorneys' Fees and Costs

      A court, in its discretion, may award a prevailing
party reasonable attorneys' fees as part of the costs in a suit
brought pursuant to 42 U.S.C. § 1983.  42 U.S.C. § 1988(b).  In
order to attain prevailing party status, "a plaintiff must not

---

[2] Plaintiff mistakenly states that the Magistrate Judge reduced
Mr. Beck's hourly rate to $185.00.  Objections at 7.  In fact,
the Magistrate Judge reduced Mr. Beck's hourly rate to $150.00.
F & R at 10.

only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned." Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 374 F.3d 857, 865 (9th Cir. 2004) (internal quotation marks omitted).

The Magistrate Judge found that the parties' Settlement Agreement conferred prevailing party status on Plaintiff. F & R at 6. Because neither of the parties objects, the Court therefore ADOPTS the Magistrate Judge's finding that Plaintiff is a prevailing party entitled to an award of attorneys' fees and costs.

## II. Calculation of Attorneys' Fees

Courts use the lodestar method in calculating an award of reasonable attorneys' fees in § 1983 cases. Cunningham v. Cty. of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988). The lodestar amount is determined by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Subsumed in the lodestar calculation are the following factors: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained . . . and (5) the contingent nature of the fee agreement." Morales v. City of San

Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (internal citations and quotation marks omitted).

Once calculated, the lodestar amount is presumed reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000). However, in "rare and exceptional circumstances" a court may adjust the lodestar amount based on those factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), that are not subsumed in the court's initial lodestar calculation. Fischer, 214 F.3d at 1119 n.4; Morales, 96 F.3d at 363-64. These factors are: the time and labor required for the case, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. Kerr, 526 F.2d at 70.

### a. Hourly Rate

Plaintiff objects to the Magistrate Judge's recommendation that Mr. Holcomb's hourly rate be reduced from $300.00 to $200.00, and that Mr. Beck's hourly rate be reduced from $225.00 to $150.00. Objections at 7. Mr. Holcomb is an attorney with 11 years of experience, and Mr. Beck is an attorney with 7 years of experience. See Holcomb Declaration

¶ 35; Decl. of Alan Beck ¶ 3, ECF No. 12-7.  Plaintiff contends that the declarations he submitted in support of his Motion for Attorneys' Fees and Costs indicate that attorneys in this jurisdiction charge clients higher rates than that requested by counsel for this case; that the Magistrate Judge recommended counsel be awarded the same rate they were awarded for work done four years ago; and that the recommended rate is not adequate to attract counsel to civil rights cases such as the instant case. Objections at 8-10.

In setting the reasonable hourly rate for purposes of the lodestar calculation, courts will look to the "prevailing market rates in the relevant community." Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013).  "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." Id. (quoting Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010)).  In making its determination, a court will consider the experience, skill, and reputation of the attorney.  Id. at 1205-06.  "Importantly, the fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests meet these standards." Id. at 1206.

In support of his Motion for Attorneys' Fees and Costs, Plaintiff submitted declarations from multiple attorneys attesting to the hourly rates they bill clients.  See Decl. of

Brian Brazier, ECF No. 12-2 (attorney with nine and a half years of experience who bills clients $250.00 per hour); Decl. of Frederick J. Arensmeyer, ECF No. 12-3 (attorney with ten years of experience who bills clients $395.00 per hour); Decl. of Kevin O'Grady, ECF No. 12-4 (attorney with nineteen years of experience who bills clients $350.00 per hour); Decl. of Joseph Rosenbaum, ECF No. 18-1 (attorney with six and a half years of experience who bills clients $297.00 per hour).

Plaintiff asserts that these declarations show that the rates requested for Mr. Holcomb and Mr. Beck are lower than the rates counsel with similar years of experience charge clients, and that the requested rates are therefore reasonable. Objections at 8, 16.  Addressing this argument, the Magistrate Judge noted that "the fees stated in the attorneys' declarations vary significantly without explanation."  F & R at 9.  Then, taking into consideration "the Court's experience with attorneys' fees motions, the information provided by counsel, and the Court's knowledge of the prevailing rates in the community," the Magistrate Judge reduced counsel's rates to $200.00 for Mr. Holcomb and $150.00 for Mr. Beck.  F & R at 10.

As Defendant argued in its Opposition to the Motion for Attorneys' Fees and Costs, "none of the declarations attest that the hourly rate charged to clients has been awarded by the Court in this district."  Def.'s Opp'n at 16.  Indeed, "there is

a distinction between the prevailing rates in the community,
i.e., what one might charge and collect from a client, and the
prevailing rates awarded by the Court." Onishi v. Redline
Recovery Servs., LLC, Civ. No. 10-00259 DAE-KSC, 2010 WL
5128723, at *2 n.1 (D. Haw. Nov. 12, 2010), adopted, Civil No.
10-00259 DAE-KSC, 2010 WL 5128720 (D. Haw. Dec. 9, 2010); see
also Au v. Funding Grp., Inc., 933 F. Supp. 2d 1264, 1275 (D.
Haw. 2013) ("To ensure consistency within this district, the
Court is guided by the hourly rates generally awarded in this
district, not the amounts charged to clients, nor rates that
appear to be outliers."). Additionally, the declarations fail
to indicate the amount these attorneys are actually able to
collect from paying clients.

Moreover, the Court agrees with the Magistrate Judge
that the declarations attest to rates that vary significantly.
Mr. Brazier and Mr. Arensmeyer, who have nine and a half and ten
years of experience, respectively, charge hourly rates of
$250.00 and $395.00. Mr. O'Grady, an attorney with nineteen
years of experience, charges only $350.00 per hour. While
Plaintiff's point is that the requested rates for his counsel
are lower than the rates outlined in the declarations, the
variation in the declarations indicates that the Court must look
to other hourly rates typical in this district in order to gain
a better sense of what is reasonable.

The Court finds helpful the hourly rates awarded to Mr. Holcomb and Mr. Beck in other civil rights cases in this district.  In Hawaii Defense Foundation v. City and County of Honolulu, Judge Seabright awarded Mr. Holcomb an hourly rate of $200.00 and Mr. Beck an hourly rate of $150.00.  Civ. No. 12-00469 JMS-RLP, 2014 WL 2804448, at *5 (D. Haw. June 19, 2014).  Later, in De-Occupy Honolulu v. City and County of Honolulu, Judge Seabright awarded Mr. Holcomb $200.00 per hour.  Civ. No. 12-00668 JMS-KSC, 2015 WL 1013834, at *11 (D. Haw. Mar. 9, 2015).  A survey of multiple other cases indicates that the hourly rates recommended by the Magistrate Judge are in line with the rates typically awarded in this district.  See Haw. Def. Found., 2014 WL 2804448, at *5 n.6 (collecting cases "discussing the prevailing hourly rates in this district").  The added benefit of those cases awarding fees to Mr. Holcomb and Mr. Beck specifically is that they incorporate this district's familiarity with counsel's skill and reputation in the legal community, which the Court must also consider in making an award.

In addition to the attorney declarations, Plaintiff also submitted a declaration from a local plumber with six years of experience, who bills $189.00 per hour during normal business hours and $250.00 per hour after hours.  Decl. of Peyton Hazzard, ECF No. 12-5.  Somewhat facetiously, Plaintiff asserts

- 14 -

that "counsel would have been better off financially had they abandoned the practice of law and apprenticed as a plumber." Objections at 18.  The Court finds this argument unavailing. The hourly rate charged by a plumber is completely inapposite to that charged by an attorney in this district, and the Court will not rely on this evidence in determining an award of attorneys' fees in a civil rights case.

Next, the Court does not find the Pacific Business News article Plaintiff submitted to be helpful in determining a reasonable rate for counsel in this case.  Plaintiff argues that the article shows that the City has been willing to pay outside counsel a range of $295.00 to $495.00 per hour, and that these rates should guide this Court's fee determination.  Objections at 11.  However, this argument was recently rejected in Hawaii Defense Foundation, where the court explained that "[t]he hourly rates listed in this article are not tied in any way to the particular attorneys charging such rates – there is no information indicating the experience, skill, and reputation of counsel."  Haw. Def. Found., 2015 WL 2804448, at *4.  The court in Hawaii Defense Foundation also noted that the rail transit litigation described in the article, which was incredibly complex, did not provide a helpful point of comparison for the "relatively simple First Amendment" issue presented in that case.  Id.

- 15 -

For the same reasons, the Court declines to seek guidance from the article in this case.  As the Magistrate Judge stated, "[T]he record indicates that, with the exception of the issue of attorneys' fees, this case has not been contentious and the parties settled before Plaintiff filed any pleadings other than the Complaint."  F & R at 12.  Further, the Magistrate Judge found that the issues presented by this case were not particularly novel because they related to the enforcement of this Court's recent ruling in Fotoudis v. City and County of Honolulu, 54 F. Supp. 3d 1136 (D. Haw. 2014).  This Court agrees.  While the instant case dealt with a slightly different issue than that presented in Fotoudis, see Objections at 17 n.7, the fact remains that this was a relatively short-lived and uncontested case in which Plaintiff filed only one pleading. The Court therefore finds that the issues presented by this case were neither novel nor complex.

Additionally, the Court is not persuaded by Plaintiff's submission of exhibits detailing Hawaii's cost of living or its submission of the Laffey matrix, a grid of inflation-adjusted hourly rates for attorneys in the Washington, D.C. area.  See Haw. Def. Found., 2014 WL 2804448, at *3 (citing Laffey v. Nw. Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983)). None of these exhibits attests to the relevant factors the Court must consider in determining a reasonable hourly rate for

Plaintiff's counsel, i.e., the experience, reputation, and skill of Mr. Holcomb and Mr. Beck, in light of the prevailing market rates in this community.  Id. (rejecting evidence regarding the cost of living in Hawaii); Prison Legal News, 608 F.3d at 454 ("[J]ust because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away.").

Finally, Plaintiff argues that fees in this district are limited by a so-called "cap," which Plaintiff asserts is unique to civil rights cases.  Objections at 13-14 and n.6.  As the Ninth Circuit states:

> District judges can certainly consider the fees awarded by other judges in the same locality in similar cases.  But adopting a court-wide policy – even an informal one – of "holding the line" on fees at a certain level goes well beyond the discretion of the district court.  One problem with any such policy is that it becomes difficult to revise over time, as economic conditions change; here the rate apparently hadn't changed for 10 years, and even a $50 increase in the hourly rate was considered a "big step . . . for the court generally" . . . .  The district court's function is to award fees that reflect economic conditions in the district; it is not to "hold the line" at a particular rate, or to resist a rate because it would be a "big step."

Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008).

There is no evidence that rates awarded by this district have remained unchanged for anywhere near the past ten years, a practice that occurred in Sacramento about which the Ninth Circuit expressed concern in Moreno.  Id.  This district awarded Mr. Beck an hourly rate of $150.00 as recently as 2014, see Hawaii Defense Foundation, 2014 WL 2804448, at *5, and awarded Mr. Holcomb an hourly rate of $200.00 just last year, see De-Occupy Honolulu, 2015 WL 1013834, at *11.  The Court feels such rates continue to ensure that future counsel will be attracted to civil rights cases such as this one.

For all of the foregoing reasons, the Court finds that the hourly rates requested for Mr. Holcomb and Mr. Beck are unreasonable, and that the Magistrate Judge recommended reasonable rates given counsels' experience, skill, and reputation, as well as the prevailing rates in the community. The Court therefore ADOPTS the Magistrate Judge's recommendation that Mr. Holcomb receive an hourly rate of $200.00, and that Mr. Beck receive an hourly rate of $150.00.

### b. Unfiled Documents

Plaintiff also objects to the Magistrate Judge's deduction of hours spent on drafting unfiled documents, specifically, the Motion for Preliminary Injunction, the Motion for Judgment on the Pleadings, and the Rule 26(f)(2) Statement. Objections at 7-8.

- 18 -

### i. Motion for Preliminary Injunction

The Magistrate Judge deducted 40.3 hours from Mr. Beck and 4.4 hours from Mr. Holcomb for time spent researching and drafting the unfiled Motion for Preliminary Injunction.  F & R at 15; see also Holcomb Timesheet, ECF No. 12-26 at 5; Beck Timesheet, ECF No. 12-27 at 1.  The Magistrate Judge reasoned that because the Motion was not filed, it was not reasonably necessary to the case.  F & R at 13-14.  In further support of his recommendation, the Magistrate Judge noted that Plaintiff's counsel set "unreasonably short deadlines" for Defendant's responses, began drafting the Motion before allowing Defendant the full time to respond, and that much of the work on the Motion took place after Defendant had offered to comply with all of Plaintiff's demands.  Id. at 14.

Plaintiff objects to this recommendation, contending that it was the City's failure to respond by the deadline Plaintiff had set that caused Plaintiff to continue drafting the Motion for Preliminary Injunction.  Objections at 21-22. Further, Plaintiff asserts that he could have filed the Motion for Preliminary Injunction contemporaneously with the Complaint, and that he should not therefore be "punished" for delaying the filing in order to avoid incurring additional fees.  Id. at 23.

Defendant responds that under 42 U.S.C. § 1988, attorneys' fees are only permissible for time "reasonably

- 19 -

expended on the litigation." Def.'s Resp. at 9 (quoting Hensley, 461 U.S. at 432). Thus, Defendant argues, fees for work on unfiled motions should be denied because those motions do not advance the litigation. Id. (citing James v. City and Cty. of Honolulu, Civ. No. 13-00397 JMS-BMK, 2014 WL 6908313, at *12 (D. Haw. Dec. 8, 2014)).

In James, the District of Hawaii looked to the Middle District of Florida for the proposition that "time spent on a pleading that was never filed does not advance the case and is not chargeable." James, 2014 WL 6908313, at *12 (quoting Brother v. Int'l Beach Club Condo. Ass'n, Inc., Civ. No. 04-444 ORL-DAB, 2005 WL 1027240, at *5 (M.D. Fla. 2005)). Although the James court was faced with a Motion to Withdraw as Counsel, rather than a pleading, it specifically found that time spent on an unfiled motion of this type was not reasonably expended on the litigation. Id. The court therefore declined to award attorneys' fees for the motion. Id. Brother, the case upon which James relied, declined to award attorneys' fees for time spent on researching and drafting an unfiled Amended Complaint. Brother, 2005 WL 1027240, at *5.

Here, the Motion for Preliminary Injunction served a different function than the Motion to Withdraw as Counsel in James or the Amended Complaint in Brother. Not knowing whether or not Defendant would be willing to agree to the relief

Plaintiff requested in his Complaint or the November 9 Demand Letter, Plaintiff's counsel began drafting a Motion for Preliminary Injunction in order to obtain expedited relief for their client in the event the parties could not reach settlement in a timely manner.  Additionally, by setting a series of, albeit short, deadlines by which Defendant was required to respond, Plaintiff was able to quickly bring Defendant to the table to start negotiating a settlement.  Plaintiff had no obligation to wait until he was certain Defendant would be unwilling to settle before filing the Motion, let alone starting to draft it.  Rather, it makes sense that Plaintiff would begin drafting the Motion earlier rather than later in order to prepare for the possibility that Defendant might not settle, as may have seemed likely given its initial lack of response.

     The fact that Plaintiff's counsel did not wait until the November 13 deadline to begin drafting the Motion for Preliminary Injunction does not change the analysis, because the parties have cited to no legal authority stating that a party must wait for such a self-imposed deadline to pass before drafting or filing a motion.  The November 9 Demand Letter states, "I intend to file a Motion for Preliminary Injunction and/or Permanent Injunction if [Plaintiff's] terms are not met . . . . This demand is good through close of business on Friday, November 13, 2015."  Ex. C to Pl.'s Mot. at 2.  Thus,

while it is not clear from this language whether the November 13
deadline was solely the date by which Plaintiff required some
sort of response from Defendant, or whether November 13 was the
date after which Plaintiff would file its motion, it is
reasonable to think that Plaintiff may have intended the latter
interpretation.   In that instance, it would have been completely
reasonable for Plaintiff's counsel to have begun drafting the
Motion prior to November 13, in order to ensure that it could be
filed as soon after the close of business on that date as
possible.

The Court agrees with the Magistrate Judge that the
deadlines set by Plaintiff were "unreasonably short."  See F & R
at 14.   Nevertheless, Plaintiff was well within his rights to
file a Motion for Preliminary Injunction after the close of
business on November 13.   Indeed, as Plaintiff points out, he
could have filed the Motion with his Complaint.   The fact that
he chose not to do so does not render work on the Motion
unnecessary, for the reasons discussed above.

The Court does note, however, that once the parties
began settlement discussions and reached agreement on all issues
save for attorneys' fees, drafting the Motion for Preliminary
Injunction was no longer reasonable.   On November 24, 2015,
Plaintiff's counsel sent a letter to Defendant describing
Plaintiff's efforts to contact Defendant about the case and

again requesting a response.  Ex. D. to Pl.'s Mot.  In the
letter, Plaintiff's counsel writes, "Our fees have now increased
because of the City's failure to respond which has caused us to
draft a Motion for Preliminary Injunction.  Our demand for fees
and costs has now increased from $8000 to $12000."  Id. at 2.

        The very next day, Defendant's counsel replied to
Plaintiff's counsel, stating, "I would note that the City is
generally open to settlement discussions . . . . I am hopeful
that this matter can be brought to a speedy resolution and would
like to accommodate your demand to meet by agreeing to
participate in a discovery conference on December 4th, 10:00
a.m., at your office.  In the meantime, however, I would ask
that you be more conscious of the attorney's fees issue as that
may play a significant role in whether the City is willing to
resolve this case via settlement."  Ex. 1 to Def.'s Opp'n at
1-2.  Thus, it became clear that by November 25 Defendant was
willing to settle the underlying issues of the lawsuit, but that
the parties still needed to resolve the issue of attorneys'
fees.  The ensuing settlement negotiations and final Settlement
Agreement confirm this.

        Therefore, the time counsel spent working on the
Motion for Preliminary Injunction on December 26 and 27 does not
appear to reasonably advance the case.  By that point, the
parties had agreed to settle the case and were exchanging

proposed settlement agreements.  See Holcomb Declaration ¶¶ 18-24; Sherwood Declaration ¶¶ 24-28.  While Plaintiff again threatened to file his Motion for Preliminary Injunction on December 28 if the parties were unable to reach an agreement, it seems unlikely that the settlement agreement would have fallen through with regards to Plaintiff's constitutional claims at that point, since Defendant was already willing to agree to all of Plaintiff's demands.  Sherwood Declaration ¶ 24.  Indeed, despite their continuing disagreement regarding the amount of attorneys' fees, the parties successfully wrote up and executed a settlement agreement, with the remaining issue of the fee award to be determined by the Court.  Id. ¶¶ 26-28; Holcomb Declaration ¶¶ 28-30.

For the foregoing reasons, the Court finds that hours spent researching and drafting the unfiled Motion for Preliminary Injunction through November 25, 2015 were reasonably expended on the litigation.  However, the hours Mr. Beck logged for drafting the Motion on December 26 and 27, as well as the hours Mr. Holcomb logged on December 26 for a strategy discussion regarding the Motion, were not reasonable, because the parties had already agreed to settle the case by that point.  Accordingly, the Court MODIFIES the Magistrate Judge's deduction of all time spent drafting the Motion for Preliminary Injunction, and credits the attorneys for their work on the

Motion through November 25, 2015[3]; however, the Court deducts .2 hours from Mr. Holcomb's time and 7.6 hours from Mr. Beck's time for work on the Motion that occurred after November 25.

### ii. Motion for Judgment on the Pleadings

The Magistrate Judge deducted the 3.3 hours Mr. Holcomb spent on the unfiled Motion for Judgment on the Pleadings for substantially the same reasons as his deduction for hours spent on the Motion for Preliminary Injunction. F & R at 13-15. Plaintiff's objections to the deduction of time for these two motions are also substantially similar, with Plaintiff adding that he could have filed the Motion for Judgment on the Pleadings immediately after Defendant filed an Answer. Objections at 23.

Plaintiff's counsel began drafting the Motion for Judgment on the Pleadings on December 27, 2015, and the first time he informed Defendant of this Motion was on December 28. Holcomb Timesheet at 5; Ex. I to Pl.'s Mot. at 1. Since the parties had already agreed to settle the case at this point and the Motion for Judgment on the Pleadings did nothing to

---

[3] In Plaintiff's Motion for Attorneys' Fees and Costs, Mr. Beck voluntarily reduced the time he spent drafting and researching the Motion for Preliminary Injunction by 15.7 hours. Beck Timesheet at 2; Decl. of Alan Beck ¶ 9; see also Motion at 30. Therefore, the Court will likewise deduct 15.7 hours from the total hours spent on the Motion for Preliminary Injunction reflected on Mr. Beck's timesheet.

otherwise advance the litigation, the Court finds that the hours spent researching and drafting this Motion were unreasonable.

Accordingly, the Court ADOPTS the Magistrate Judge's recommendation that the Court deduct 3.3 hours from Mr. Holcomb's time for work spent on the Motion for Judgment on the Pleadings.

### iii. Rule 26(f)(2) Conference Statement

Finally, Plaintiff objects to the Magistrate Judge's deduction of 2.5 hours for time spent on the Rule 26(f)(2) conference statement.  Objections at 7-8.  The Magistrate Judge noted that Mr. Beck's timesheet contained an entry on December 4, 2015 that stated, "Drafted 26J conference statement."  F & R at 15; Beck Timesheet at 1.  Given that the parties met on that date for a Rule 26(f) conference, the Magistrate Judge reasoned that this entry appeared to describe time spent drafting a statement to submit to the Court pursuant to Federal Rule of Civil Procedure 26(f)(2).[4]  F & R at 15.  Since no such statement was filed, the court deducted the time spent on the statement.

Because Plaintiff did not file a Rule 26(f)(2) statement in this action, nor did any such statement advance the instant litigation, the Court ADOPTS the Magistrate Judge's

---

[4] Plaintiff appears to agree that this entry did indeed refer to a Rule 26(f)(2) statement, given his reference to the statement as such in his Objections.  Objections at 8.

recommendation that 2.5 hours be deducted from Mr. Beck's time for drafting what appears to be that statement.

### c. Excessive Hours

Next, Plaintiff objects to the Magistrate Judge's deduction of hours spent drafting both the Motion for Attorneys' Fees and Costs and the Reply in support thereof. Objections at 8. Of the 49 hours Plaintiff requested for work on the Motion, the Magistrate Judge deducted 30 hours (11.7 from Mr. Holcomb and 18.3 from Mr. Beck); of the 23.9 hours requested for work on the Reply, he deducted 13 hours (4.94 hours from Mr. Holcomb and 8.06 from Mr. Beck). F & R at 16. The court found that time spent on both filings was unreasonably excessive, and further found that "nearly all the exhibits and ten pages of arguments made in Plaintiff's Motion [for Attorneys' Fees and Costs] are taken directly from a previous motion for attorneys' fees filed by Plaintiff's counsel in an unrelated case." Id. at 16 (referencing Haw. Def. Found., Civ. No. 12-00469 JMS-RLP, ECF No. 56).

Upon a de novo review, the Court notes that nearly *thirteen* pages of Plaintiff's Motion for Attorneys' Fees and Costs are taken directly from motions for attorneys' fees filed in unrelated cases. See Haw. Def. Found., Civ. No. 12-00469 JMS-RLP, ECF No. 56; De-Occupy Honolulu, Civ. No. 12-00668 JMS-KSC, ECF No. 205. Similarly, many of the exhibits attached to

- 27 -

Plaintiff's Motion are also included as exhibits to those motions.  Interestingly, in a letter to Defendant dated December 28, 2015, Plaintiff's counsel writes, "I concede that this District Court has awarded me only $200 [per hour] which I protest and will continue to do so each and every time I seek an award . . . . As you may be aware, I have briefed these issues extensively."  Ex. I to Pl.'s Mot. at 2.

Thus, the Court finds it appropriate to deduct an additional five hours from the time requested for work on the Motion for Attorneys' Fees and Costs (1.95 from Mr. Holcomb and 3.05 from Mr. Beck).  With regards to the Reply in support of the Motion, the Court agrees with the Magistrate Judge that the requested 23.9 hours is unreasonably excessive for a 15-page Reply.  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) (stating that the number of hours requested in a motion for attorneys' fees may be reduced "if the hours expended are deemed excessive or otherwise unnecessary").

For the foregoing reasons, the Court MODIFIES the Magistrate Judge's deduction of hours for work on the Motion for Attorneys' Fees and Costs, and deducts a total of 35 hours from the requested 49 hours (13.65 from Mr. Holcomb and 21.35 from Mr. Beck).  The Court ADOPTS the Magistrate Judge's deduction of 13 hours from the requested 23.9 hours for work on the Reply in

support of the Motion for Attorneys' Fees and Costs (4.94 hours
from Mr. Holcomb and 8.06 hours from Mr. Beck).

### d. Duplicative Hours

Plaintiff next objects to the Magistrate Judge's
deduction of 5.8 hours from Mr. Beck's time for duplicative
billing.  Objections at 26-27.

"As a general rule, the Court does not permit more
than one attorney to bill for attending:  (1) a meeting between
co-counsel; (2) a client meeting; or (3) a meeting with opposing
counsel."  Seven Signatures Gen. P'ship v. Irongate Azrep BW
LLC, 871 F. Supp. 2d 1040, 1055 (D. Haw. 2012).  "In such a
situation, the Court typically deducts the time spent by the
lowest-billing attorney."  Id.  Here, because Mr. Holcomb and
Mr. Beck both billed for an initial phone consultation with the
client, as well as two meetings with each other to discuss the
case, the Magistrate Judge deducted the time billed by Mr. Beck
for these activities.  F & R at 17.

Relying on Democratic Party of Washington State v.
Reed, 388 F.3d 1281 (9th Cir. 2004), Plaintiff argues that Mr.
Beck's participation in the three meetings "was essential
because of his vast knowledge of Second Amendment litigation
which is emerging and constantly developing."  Objections at 26.
Reed described certain scenarios where it might be appropriate
for multiple attorneys to bill their time for the same activity,

such as when a second attorney's assistance is required in arguing a case before a judge, or when a second attorney will be arguing a case going forward and therefore needs to observe argument before a judge in order to prepare for later proceedings.  Id. at 1286-87.

The Court agrees with Defendant that "Mr. Beck's assistance is most correctly characterized as a means for Mr. Holcomb to learn and use Mr. Beck's knowledge, which would not be compensated under Reed."  See Def.'s Resp. at 12.  Indeed, Mr. Beck's sharing his knowledge regarding Second Amendment litigation falls within the realm of activities that would normally take place at a meeting between co-counsel, for which duplicative billing is not allowed.

The Court therefore ADOPTS the Magistrate Judge's 5.8-hour deduction from Mr. Beck's time.

### e. Costs

"It is well established that attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920."  Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co., 460 F.3d 1253, 1257 (9th Cir. 2006).

In his Motion, Plaintiff requested $400.00 for the filing fee in this case and $168.40 for printing fees.  Pl.'s Mot. at 29.  The Magistrate Judge recommended that Plaintiff be awarded $400.00 for the filing fee, but found that Plaintiff failed to provide "an itemization of his expenses or documentation supporting the requested [printing] costs."  F & R at 21.  Defendant contends that the Magistrate Judge was correct in denying these costs, as the Bill of Costs submitted by Plaintiff states, "SPECIAL NOTE:  Attach to your bill an itemization and documentation for requested costs in *all categories*."  Def.'s Resp. at 13 (citing Ex. R to Pl.'s Mot., ECF No. 12-25) (emphasis added).

However, as Plaintiff points out, Mr. Holcomb's declaration provides an itemization of the costs that make up the requested printing fees, including such information as the number of printed copies and cost per page.  Objections at 27; Holcomb Declaration ¶¶ 80-81.  This information allows the Court to determine whether or not the requested printing costs are reasonable.

The district's Local Rules state, "The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  L.R.

54.2(f)(4).  Mr. Holcomb did just that in his declaration in support of the Motion for Attorneys' Fees and Costs.  Holcomb Declaration ¶ 81.

Turning to the question of whether the requested printing fees are reasonable, the Court notes that Mr. Holcomb's declaration lists three documents for which three copies were made – presumably two as courtesy copies for the Court and one copy for Defendant.  Id.  The number of pages listed comports with the number of pages that comprised each of the documents and its exhibits, where relevant.  Finally, the cost per page is listed as $0.15, with tabs listed at $0.25 and an audio disc listed at $1.00.  The court finds the requested printing fees are reasonable.  See L.R. 54.2(f)(4) ("As of the effective date of these rules, the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.").

The Court therefore MODIFIES the award of costs to include the $168.40 in printing fees, for a total cost award of $568.40.[5]

### f. Objections to F & R

Plaintiff requests an additional 17.7 hours for Mr. Holcomb for his time spent preparing the Objections to the F & R.  Decl. of Richard Holcomb ¶¶ 3-5, ECF No. 25-1.  Defendant

---

[5] $400.00 (filing fee) + $168.40 (printing fees) = $568.40.

argues that the Objections are meritless and that Plaintiff should not be allowed to recover fees for time spent preparing them.  Def.'s Resp. at 13-14.  The Court disagrees with this characterization of the Objections.  Clearly, there was some merit to the Objections, given this Court's partial modification of the award recommended by the Magistrate Judge.

However, the Court does agree with Defendant that much of what comprises the Objections is largely duplicative of earlier work – namely, the Motion for Attorneys' Fees and Costs and the Reply in support of that Motion.  In fact, of the 27 pages of Objections the Court found at least 13 pages that were taken almost verbatim from the two earlier filings.

The Court thus finds that the amount of time spent on the remainder of the Objections is excessive, and therefore deducts 7.7 hours from the requested 17.7 hours, awarding Mr. Holcomb 10 hours for his work on the Objections.

### III.   Total Award

Based on the foregoing, the Court calculates the total award of attorneys' fees and costs as follows:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Richard L. Holcomb, Esq. | 68.91[6] | $200.00 | $13,782.00 |
| Alan Beck, Esq. | 41.09[7] | $150.00 | $6,163.50 |
| Paralegal | 2.8[8] | $85.00 | $238.00 |
| | | Subtotal | $20,183.50 |
| | General Excise Tax (4.712%) | | $951.05 |
| | | Costs | $568.40 |
| | | TOTAL | **$21,702.95** |

## CONCLUSION

For the foregoing reasons, the Court ADOPTS in part and MODIFIES in part the Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and Costs.  The Court awards Plaintiff attorneys' fees and costs of $21,702.95.

---

[6] (99.2 hours requested) – (3.5 hours on unfiled motions) – (13.65 hours on Motion for Attorneys' Fees and Costs) – (4.94 hours on Reply) – (7.7 hours on Objections) – (0.5 hours on retainer agreement) = 68.91 hours.

[7] (86.4 hours requested) – (10.1 hours on unfiled motions) – (21.35 hours on Motion for Attorneys' Fees and Costs) – (8.06 hours on Reply) – (5.8 hours for duplicative billing) = 41.09 hours.

Here, the "hours requested" figure incorporates Mr. Beck's voluntary reduction of 15.7 hours for time spent researching and drafting the Motion for Preliminary Injunction.

[8] (5.5 hours requested) – (2.7 hours on clerical tasks) = 2.8 hours.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, June 3, 2016.



_____
Alan C. Kay
Sr. United States District Judge


Roberts v. City and County of Honolulu, Civ. No. 15-00467 ACK-RLP, Order
Adopting in Part and Modifying in Part the Findings and Recommendation to
Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and
Costs.