**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW NAMIKI ROBERTS, *Plaintiff-Appellant*, <br><br> v. <br><br> CITY AND COUNTY OF HONOLULU, *Defendant-Appellee.* | No. 16-16179 <br><br> D.C. No. 1:15-cv-00467-ACK-RLP <br><br> OPINION |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Argued and Submitted October 9, 2018
Honolulu, Hawaii

Filed September 12, 2019

Before:  Kim McLane Wardlaw, Marsha S. Berzon,
and Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Rawlinson

2    ROBERTS V. CITY AND COUNTY OF HONOLULU

## SUMMARY[*]

### Civil Rights/Attorney's Fees

The panel vacated the district court's award of attorney's fees, following the settlement of a civil rights action brought pursuant to 42 U.S.C. § 1983, and remanded.

The panel held that plaintiff received substantially all of his requested relief in the settlement agreement.  As a result, as the prevailing party, he was entitled to reasonable attorney's fees.  The panel held that the district court failed to apply the correct legal standard in determining the prevailing attorney hourly rate.  Specifically, the panel held that the district court's wholesale rejection of the relevant attorney declarations submitted by plaintiffs and the court's singular reliance on the hourly rates previously awarded to plaintiffs in unrelated cases departed from the correct legal standard and constituted legal error, resulting in an abuse of discretion. The panel remanded for the district court to determine a reasonable hourly rate, adduced by examining rates for comparable work performed by attorneys in the relevant community with similar skill, experience, and reputation.

The panel further remanded for the district court to make a specific finding regarding when the settlement agreement was sufficiently final for purposes of determining whether plaintiffs were entitled to compensation for unfiled motions.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Richard L. Holcomb (argued), Holcomb Law LLC, Honolulu, Hawaii; Alan Beck, San Diego, California; for Plaintiff-Appellant.

Nicolette Winter (argued) and Curtis E. Sherwood, Deputy Corporation Counsel, Department of the Corporation Counsel, Honolulu, Hawaii, for Defendant-Appellee.

**OPINION**

RAWLINSON, Circuit Judge:

Andrew Roberts (Roberts) appeals the district court's award of attorney's fees to his counsel, Richard Holcomb (Holcomb) and Alan Beck (Beck), following settlement of a civil rights action. Specifically, Roberts contends that (1) the district court applied an erroneous legal standard, and (2) the district court abused its discretion in denying fees for work performed before the settlement agreement was finalized. Because we agree that the district court did not apply the correct legal standard for awarding legal fees, we vacate and remand for application of the correct legal standard. We also remand for the district court to make a specific finding regarding when the settlement agreement became final.

**I. BACKGROUND**

Roberts, a permanent resident of the United States, filed a civil rights action pursuant to 42 U.S.C. § 1983 against the City and County of Honolulu (the City). In his complaint, Roberts alleged that the City violated his rights under the

4      ROBERTS V. CITY AND COUNTY OF HONOLULU

Second, Fourth, and Fourteenth Amendments to the United States Constitution when it denied Roberts a firearm permit pursuant to a City policy requiring that permanent residents obtain certain clearance documents from their country of origin or their consulate.

Roberts served the City with a copy of the complaint along with a demand letter signed by Holcomb. The demand letter indicated Roberts's willingness to settle, demanded $8,000 in attorney's fees and costs, and expressed an intention to file a motion for preliminary injunction and/or permanent injunction if Roberts's demands were not met by November 13, 2015. The City never responded to Roberts's demand letter. Instead, the City's counsel sent an email to Holcomb confirming that the City received a copy of the complaint, but not the demand letter.

Holcomb sent a follow-up letter to the City on November 24, 2015, reiterating his original demands and increasing the request for attorney's fees to $12,000, on the ground that Holcomb had commenced drafting the motion for a preliminary injunction. The City responded to Holcomb the next day, stating that "the City is generally open to settlement discussions" and cautioning him to be "conscious of the attorney's fee issue," as it might complicate settlement efforts.

The parties agreed to a discovery conference the following week. At the discovery conference, the parties agreed to a tentative settlement of all issues, with the exception of the amount of attorney's fees. The parties continued negotiations, culminating in Holcomb emailing the City a proposed settlement agreement on December 18, 2015. In the accompanying email, Holcomb informed the City's

counsel that if the City failed to respond to the proposed settlement agreement by December 23, 2015, Holcomb would file the motion for a preliminary injunction. On December 27, 2015, the City's counsel responded to Holcomb, reiterating the City's intentions to settle. Holcomb replied that he was prepared to file the motion for a preliminary injunction, and had begun drafting the motion for judgment on the pleadings (collectively, the Unfiled Motions). However, Roberts never filed either of the motions.

A settlement agreement was finalized on January 21, 2016, and included most of the relief requested in the complaint, with the exception of attorney's fees. Roberts subsequently submitted a motion for attorney's fees and costs (Attorney's Fee Motion), seeking $40,191.43 in fees and costs, which was opposed by the City. The assigned magistrate judge recommended that the district court award Roberts $13,912.04 in attorney's fees, and $400 in costs. The magistrate judge found unreasonable Holcomb's requested rate of $300 per hour, and Beck's requested rate of $225 per hour. The magistrate judge recommended reducing the rates to $200 per hour for Holcomb and $150 per hour for Beck.

Additionally, the magistrate judge found that all hours spent working on the Unfiled Motions were not reasonable and necessitated a reduction. Roberts filed his objections to the magistrate judge's Findings and Recommendations; the City filed its response; and Roberts filed a reply.

The district court adopted the magistrate judge recommendation that Holcomb and Beck receive hourly rates of $200 and $150, respectively. However, the district court modified the recommended disallowance of all time spent on the Unfiled Motions, and instead credited Holcomb with

-1

hours spent on the Unfiled Motions through November 25, 2015. According to the district court, by that date the parties had already agreed in principle to the contours of the settlement and, consequently, hours spent after that date on the Unfiled Motions were not "reasonably expended on the litigation." After adjustments, the district court awarded a total of $21,02.95 in attorney's fees and costs, an increase of $7,390.91 over the amount recommended by the magistrate judge. Roberts filed a timely appeal.

## II. STANDARD OF REVIEW

We review a district court's award of attorney's fees for an abuse of discretion. *See Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017). "[W]hether the district court applied the correct legal standard is reviewed de novo." *Oregon Nat. Desert Ass'n v. Locke*, 572 F.3d 610, 613–14 (9th Cir. 2009) (citation omitted).

## III. DISCUSSION

A. Entitlement to Attorney's Fees and Costs

As a preliminary matter, we first examine whether Roberts is entitled to attorney's fees. In an action brought under 42 U.S.C. § 1983, a prevailing plaintiff is entitled to reasonable attorney's fees. *See* 42 U.S.C. § 1988(b). "A plaintiff prevails for purposes of § 1988 when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. . . ." *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013) (citation and internal quotation marks omitted).

Roberts received substantially all of his requested relief in the settlement agreement.  As a result, the magistrate judge correctly conferred prevailing party status on Roberts and, without objection from the parties, the district court adopted the determination by the magistrate judge that Roberts was the prevailing party.  Accordingly, under 42 U.S.C. § 1988, Roberts was entitled to reasonable attorney's fees.  *See Vogel v. Harbor Plaza Ctr*., LLC, 893 F.3d 1152, 1158 (9th Cir. 2018).

### 1.   *Reasonable Fee*

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable. . . ."  *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (citation omitted).  Courts begin the analysis by applying the lodestar method.  *See Bravo v. City of Santa Maria*, 810 F.3d 659, 665–66 (9th Cir. 2016).   Determining the lodestar amount is a "two-step process."  *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citation omitted).  First, a court multiplies the number of hours "reasonably expended on a case by a reasonable hourly rate."  *Id.* (citation omitted).  The reasonable hourly rate is determined by assessing "the prevailing market rate in the relevant community."  *Id*. (citation, alteration, and internal quotation marks omitted). After the lodestar figure is determined, a district court retains discretion to adjust the lodestar figure upward or downward based on a variety of factors "not subsumed in the lodestar figure."  *Id*. (citations omitted).  At bottom, the goal of the lodestar figure is to roughly approximate the fee the prevailing attorney would have received from a paying client. *See id*.

8     ROBERTS V. CITY AND COUNTY OF HONOLULU

It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate. *See Hensley v. Eckerhart*, 461 U. S. 424, 433 (1983); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F. 3d 973, 980 (9th Cir. 2008). To meet this obligation, Holcomb submitted his own declaration detailing his education and experience; a declaration from co-counsel Beck; declarations from other attorneys licensed in Hawaii who were familiar with Holcomb's work as an attorney; and an (ill-advised) declaration from a plumber. Holcomb also submitted a newspaper article reflecting that the City paid its outside counsel between $295 and $495 an hour, and the Laffey Matrix, a table describing hourly rates in the D.C. area for cases involving fee-shifting statutes.

Admittedly, Beck's affidavit referred to his hourly rates in San Diego, rather than in Hawaii, the "relevant community." *Kelly*, 822 F.3d at 1099; *see also Camacho*, 523 F.3d at 979 (explaining that "the relevant community is the forum in which the district court sits"). Similarly, the Laffey Matrix describes hourly rates in the D.C. area. And inclusion of the plumber's affidavit is inexplicable. Nevertheless, the other material was of the type ordinarily considered by courts to determine an appropriate lodestar amount. *See Camacho*, 523 F.3d at 980 ("Affidavits of the plaintiff['s] attorneys and other attorneys regarding prevailing fees in the community . . . are satisfactory evidence of the prevailing market rate.") (citation and original alterations omitted); *see also Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (same).

The district court agreed with the magistrate judge that the declarations submitted by Holcomb were not reliable indicators of the prevailing market rate because the rates

"var[ied] significantly."   The district court noted that two attorneys, "who have nine and a half and ten years of experience, respectively, charge hourly rates of $250.00 and $395.00."   A third attorney, "with nineteen years of experience, charges only $350.00 per hour."   The district court concluded that because of "the variation in the declarations" the court was required to "look to other hourly rates typical in this district in order to gain a better sense of what is reasonable."   Consequently, the district court turned to "the hourly rates awarded to Mr. Holcomb and Mr. Beck in other civil rights cases in the district."

The district court diverged from the applicable standard in discarding the declarations entirely and considering *only* previous fee awards in determining the prevailing market rate.  We expressed disapproval of this approach in *Camacho*, noting that "a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services."  523 F.3d at 981 (citation omitted); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008) ("If the lodestar leads to an hourly rate that is higher than past practice, the court must award that rate . . .").

In *Camacho*, we observed that the district court failed to indicate why the $200 hourly rate awarded "was in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  523 F.3d at 980 (citation and internal quotation marks omitted).  We remanded for the district court to calculate the lodestar figure by determining the prevailing hourly rate in the local legal community for similar work by attorneys of comparable skill and experience.  *See id*. at 980–81.

We conclude that vacatur and remand are warranted in this case for the same reason. Examining prior fee awards to Holcomb and Beck in the district was not an acceptable substitute for considering the declarations submitted by Holcomb, and explaining why those declarations did or did not establish the prevailing hourly rate in the district. *See McGrath v. County of Nevada*, 67 F.3d 248, 253 (9th Cir. 1995) ("If the district court fails to provide a clear indication of how it exercised its discretion, we will remand the fee award for the court to provide an explanation.") (citation omitted); *see also Camacho*, 523 F.3d at 979 (concluding that the district court erred by failing to explain "what was the prevailing hourly rate in that community"). The district court's wholesale rejection of the relevant attorney declarations submitted by Holcomb, and the court's singular reliance on the hourly rates previously awarded to Holcomb and Beck in unrelated cases departed from the correct legal standard and constituted legal error, resulting in an abuse of discretion. *See McCown v. City of Fontana*, 565 F.3d 1097, 1101 (9th Cir. 2009), *as amended* ("A trial court abuses its discretion if its fee award is based on an inaccurate view of the law. . .") (citation omitted). That there was some variance in the declarations did not invalidate them. Rather, in the absence of countervailing evidence from the City, the declarations stood unrefuted. *See Camacho*, 523 F.3d at 980 ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy" of the submitted affidavits.) (citation omitted); *see also Chaudry v. City of Los Angeles*, 751 F.3d 1086, 1111 (9th. Cir. 2014) (noting that the affidavits submitted by counsel provided "billing rates at numerous Los Angeles law firms"). Consequently, as in *Camacho*, we remand specifically for the district court to apply the correct legal standard by determining the prevailing

hourly rate in the District of Hawaii for comparable work performed by attorneys of similar "skill, experience and reputation." 523 F.3d at 980–81.

### 2. *Unfiled Motions*

Roberts contends that the district court erred when it failed to award attorney's fees for time spent on the Unfiled Motions after November 25, 2015. The City responds that Holcomb spent time unnecessarily churning hours, especially after the parties had agreed in principle to settle the lawsuit.

The district court found that as of November 25, 2015, the parties had reached a preliminary settlement agreement, except on the amount of attorney's fees. Therefore, the district court ruled that hours spent working on the Unfiled Motions after November 25, 2015, were "unreasonable" because they did not "advance the litigation."

In civil rights actions such as this, the Supreme Court has held that plaintiff's counsel "should recover a fully compensatory fee" for "excellent results." *Hensley*, 461 U.S. at 435. The amount of fees awarded should correlate to the hours "reasonably expended on the litigation." *Id.* at 433.

By November 25, 2015, the City had indicated that it was open to settlement discussions, but by no means had the parties reached a formal agreement. At this point, Holcomb had already drafted portions of the Unfiled Motions. By December 4, 2015, the parties had agreed *in principle* to a settlement. On December 7, 2015, and December 18, 2015, the parties exchanged *proposed* settlement agreements. However, the settlement agreement was not signed until January 21, 2016.

As noted by the Supreme Court in *Hensley*, attorney's fees should "encompass all hours reasonably expended on the litigation," that is, work completed by attorneys to advance the litigation of the case. *See Hensley*, 461 U.S. at 435.

As attorneys know, settlement discussions sometimes result in settlement and sometimes do not. And "settlements in principle" and draft settlement agreements often result in final settlements but sometimes fall through. With these realities in mind, it is a close question whether there was sufficient likelihood of a successful final settlement during the period after November 25 when Holcomb continued to work on the Unfiled Motions. On remand, the district court should consider in light of the entire record whether a reasonable attorney with his client's interests in mind would have continued working on the Unfiled Motions after November 25 and, if so, until when. *See Moreno*, 534 F.3d at 1111 (explaining that the number of compensated hours is determined "in light of the circumstances").

## IV.    CONCLUSION

For purposes of establishing the lodestar figure in an attorney's fees case, district courts must first determine a reasonable hourly rate, which is adduced by examining rates for comparable work performed by attorneys in the relevant community with similar skill, experience, and reputation. The district court failed to apply this standard to determine the prevailing hourly rate in the relevant community. We remand for the district court to do so. Additionally, we remand for the district court to determine in accord with the

ROBERTS V. CITY AND COUNTY OF HONOLULU        13

standard we have articulated whether the settlement agreement was sufficiently final when work continued on the Unfiled Motions after November 25.

**VACATED and REMANDED for further proceedings consistent with this opinion**.