IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

ANDREW NAMIKI ROBERTS, )
)
Plaintiff, )
)
v. ) Civ. No. 15-00467 ACK-RLP
)
CITY AND COUNTY OF HONOLULU; )
)
Defendant. )

## ORDER DISMISSING THE ACTION AND SUBMITTING COMMENTS

The Court enters this order dismissing the action, to clarify the apparent confusion in the record, and to submit comments on the established role of magistrate judges in the determination of attorney's fees for prevailing parties.[1]

The Court feels it necessary to submit the following comments solely to emphasize the important role of magistrate

---

[1] On September 12, 2019 the Ninth Circuit panel, after hearing arguments on October 9, 2018, vacated this Court's order in Roberts v. City & Cty. of Honolulu, Civ. No. 15-00467 ACK-RLP, 2016 WL 3136856 (D. Haw. June 3, 2016) (the "2016 Order"), inter alia, approving the magistrate judge's recommendation setting Plaintiff's attorney's fees hourly rates and "remanded for further proceedings consistent with this opinion." On December 20, 2019, Defendant-Appellee, City and County of Honolulu ("Defendant City"), filed with the Ninth Circuit a Status Report stating that on December 6, 2019, Defendant City had filed with the Ninth Circuit a Stipulated Motion to Voluntarily Dismiss Appeal (Docket No. 42) pursuant to FRAP 42(b); although Defendant City had subsequently on December 20, 2019, after receiving inquiries from the District Court's Clerk, transmitted a Stipulated Dismissal (which reflected it had been signed by Plaintiff's attorneys on December 5, 2019, and by
(Continued . . .)

- 1 -

judges in establishing a prevailing hourly rate in attorney's fees disputes. The Court notes that the Ninth Circuit panel in this case apparently misread the Court's decision which relied essentially on the Magistrate Judge's conclusion of the hourly rates for the Plaintiff's attorneys.

The Ninth Circuit has earlier acknowledged and approved of the significant role that judges perform in the determination of prevailing hourly rates for attorneys given their extensive knowledge of the rates in the subject community based on their constant experience in handling such attorney's fees requests.

In <u>Ingram v. Oroudjian</u>, 647 F.3d 925 (9th Cir. 2011) the court held "[t]his court has never addressed whether it is

---

Defendant's attorneys on December 4, 2019) to the District Court requesting "that all claims be dismissed with prejudice" and that "as a result of this Stipulated Dismissal, this action is concluded in totem." The Status Report concluded that the parties nevertheless were "awaiting this Court's ruling on the previously filed Stipulated Motion to Dismiss Appeal." Notwithstanding the foregoing and that the case on September 17, 2019 had been remanded to this Court, the Ninth Circuit panel then on December 22, 2019, filed an order dismissing the appeal with prejudice.

To avoid any confusion, the Court files this order, together with the Stipulated Dismissal signed by the parties submitted to the Court on December 20, 2019, and approved by this Court, together with this Court's comments on the role of magistrate judges. This Court has not addressed the appropriateness of the settlement since the Ninth Circuit panel approved the parties' settlement and the parties are thoroughly familiar with the record and have negotiated a settlement based on their own respective determinations.

proper for a district court to rely on its own familiarity with the legal market.  Other circuit courts have held that judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees" and "[w]e agree.  We conclude that the district court did not abuse its discretion either by relying, in part, on its own knowledge and experience, or by setting an hourly rate of $350 for Appellants' lawyers."  Id. at 928.

In Sam K. ex rel. Diane C. v. Hawaii Department of Education, 788 F.3d 1033 (9th Cir. 2015), the court held, in affirming this Court's decision determining attorney's fees, "[d]istrict courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'"  Id. at 1041 (citing Ingram, 647 F.3d at 928).  Notably, the Ninth Circuit in Sam K. favorably cited a D.C. Circuit decision where the district court accepted the recommendation of "the magistrate judge [who] noted the court's familiarity with the prevailing rates in the community and cited specific fee awards in other cases in the district."  Id. at 1041 (emphasis added).  That is exactly what occurred in this case.  In concurring in part, the judge who authored the Roberts decision stated "I agree with the majority that the district court acted within its discretion in determining a reasonable

hourly rate for the calculation of attorney's fees in this case." Id. at 1042.

However, the Roberts decision, while mentioning in passing that the district court adopted the magistrate judge's recommendation that Holcomb and Beck (the attorneys seeking fees here) receive hourly rates of $200 and $150, respectively, 938 F.3d at 1023, is thereafter devoid of any discussion or acknowledgement that it is appropriate for a district judge to rely extensively on a magistrate judge's knowledge and experience in establishing prevailing hourly rates for attorneys in their community. Instead, the panel found "the district court's wholesale rejection of the relevant attorney declarations submitted by plaintiffs and <u>the court's singular reliance</u> on the hourly rates previously awarded to plaintiffs in unrelated cases departed from the correct legal standard." Roberts v. City of Honolulu, 938 F.3d 1020, 1025 (9th Cir. 2019) (emphasis added). Accordingly, the panel left the impression that a district court is not authorized to place reliance on the magistrate judge's determination of the appropriate prevailing hourly rate based on its own knowledge and experience in constantly handling attorney's fees requests. And as a result,

the panel likewise concluded that this Court had not applied the correct legal standard.

As noted, this Court in its 2016 Order adopted the Magistrate Judge's determination of the appropriate hourly rates ("The Court therefore ADOPTS the Magistrate Judge's recommendation that Mr. Holcomb receive an hourly rate of $200.00, and that Mr. Beck receive an hourly rate of $150.00," 2016 Order at *7).  This Court further specified, in adopting the Magistrate Judge's recommendation, that the Magistrate Judge declared he had ". . . tak[en] into consideration 'the Court's experience with attorneys' fee motions, the information provided by counsel, and the Court's knowledge of the prevailing rates in the community,'" and accordingly, based on that experience and knowledge of prevailing rates, "the Magistrate Judge reduced counsel's rates to $200.00 for Mr. Holcomb and $150.00 for Mr. Beck."  2016 Order at *5 (emphasis added).  Mr. Holcomb is an attorney with eleven years of experience, and Mr. Beck is an attorney with seven years of experience.  2016 Order at *4.

The Court notes that in the District of Hawaii most motions for attorney's fees are handled by the magistrate judges.  LR54.2.  Consequently, they have more involved experience and knowledge of the reasonable prevailing attorney's fee rates in Hawaii than the District Judges because they handle virtually all of the motions for attorney's fees-including the

vast majority for which there are no objections filed to the magistrate judge's reasonable attorney's fees determination.

The Magistrate Judge, in his Findings and Recommendations dated March 24, 2016, also noted pertinent attorney fees awarded to Plaintiff's attorneys as well as other attorneys in other civil rights cases all <u>within the previous two years</u>, namely: <u>De-Occupy Honolulu v. City & Cty. of Honolulu</u>, Civ. No. 12-00668 JMS, 2015 WL 1013834 (D. Haw. Mar. 9, 2015) (awarding Plaintiff's attorney Mr. Holcomb $200 per hour and awarding $185 per hour to an attorney with nine years of experience); <u>York v. Jordan</u>, Civ. No. 13-00311 DKW-RLP, 2015 WL 728227 (D. Haw. Jan. 30, 2015) (awarding $200 per hour to an attorney with fifteen years of experience and $140 per hour to an attorney with six years of experience); <u>Hawaii Def. Found. v. City & Cty. of Honolulu</u>, Civ. No. 12-00469 JMS, 2014 WL 2804448 (D. Haw. June 19, 2014) (awarding Plaintiff's attorneys Mr. Holcomb $200 per hour and Mr. Beck $150 per hour).

This Court noted that "Plaintiff asserts that the[] declarations show that the rates requested for Mr. Holcomb and Mr. Beck are lower than the rates counsel with similar years of experience charge clients, and that the requested rates are therefore reasonable. [citation.] Addressing this argument, the Magistrate Judge noted that 'the fees stated in the attorneys' declarations vary significantly without

explanation.'"  2016 Order at *5.  And no adequate explanation of the variation was provided to this Court.  This Court further stated it was not persuaded by Plaintiff's submission of the Laffey matrix, a grid of inflation-adjusted hourly rates for attorneys in the Washington, D.C. area.  2016 Order at *6; see Haw. Def. Found., 2014 WL 2804448, at *3 (citing Laffey v. Nw. Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983)).

Contrary to Plaintiff's assertion, the Court found, "There is no evidence that rates awarded by this district have remained unchanged for anywhere near the past ten years, a practice that occurred in Sacramento about which the Ninth Circuit expressed concern in Moreno.  [citation.]  This district awarded Mr. Beck an hourly rate of $150.00 as recently as 2014, see Hawaii Defense Foundation, 2014 WL 2804448, at *5, and awarded Mr. Holcomb an hourly rate of $200.00 just last year, see De-Occupy Honolulu, 2015 WL 1013834, at *11.  The Court feels such rates continue to ensure that future counsel will be attracted to civil rights cases such as this one."  2016 Order at *7.

Indeed, the Ninth Circuit in Sam K. found no evidence that this Court "followed a policy to 'hold the line'" to limit the awards to an unfair rate.  Sam K., 788 F.3d at 1041.  The Ninth Circuit noted "[t]hat other attorneys may think that a given rate is 'reasonable' does not necessarily say what the

prevailing market rates actually are.  That is especially true when the opinion[s] are expressed by attorneys whose own professional interests might motivate them to favor higher rates."  Sam K., 788 F.3d at 1041.  The Ninth Circuit panel further proclaimed, "It was telling, however, that none of the declarations stated that any of the attorneys had actually been paid fees at that $375 rate for work of this type, or that any attorney of similar training and experience had."  Id.  Likewise, in this case none of the submitted declarations represented the subject attorneys had been paid at such rates or that such rates had been approved by the Hawaii Federal District Courts or otherwise met the criteria specified by the Sam K. decision.

This Court further found that the issues presented in this case were neither novel nor complex, with the case being settled (with the exception of attorney's fees) after Plaintiff filed only one pleading, the complaint.  2016 Order at *6.  The Court ended its five-page analysis of the hourly rates requested by plaintiff's attorneys with the following finding in adopting the Magistrate Judge's recommendation: "For all of the foregoing reasons, the Court finds that the hourly rates requested for Mr. Holcomb and Mr. Beck are unreasonable, and that the Magistrate Judge recommended reasonable rates given counsels' experience,

skill, and reputation, as well as the prevailing rates in the community." 2016 Order at *7.

In conclusion, it should be reiterated that, as approved in Ingram and Sam K., the Ninth Circuit has recognized that judges, including magistrate judges, may rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees.

This Action is Dismissed.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, January 15, 2020.

_____
Alan C. Kay
Sr. United States District Judge

Roberts v. City and County of Honolulu, Civ. No. 15-00467 ACK-RLP, Order Dismissing the Action and Submitting Comments.